[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12686
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-20896-MGC-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY JASMIN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 5, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Johnny Jasmin appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  The district court denied the motion based on its conclusion that § 3582(c)(2) does not authorize the court to reduce Jasmin's sentence.  Upon review,[1] we affirm.

Jasmin's offenses and criminal history subjected his guideline range to computation pursuant to either the drug-quantity table at § 2D1.1(c) or the career-offender guidelines at § 4B1.1(a).  Because the career-offender guideline produced a higher offense level than the drug-quantity table, the career offender guideline applied.  *See* U.S.S.G. § 4B1.1(b).  Consequently, the district court sentenced Jasmin based on § 4B1.1, not § 2D1.1.  *See United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008).

Section 3582(c)(2) authorizes a court to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that the United States Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o).  18 U.S.C. § 3582(c)(2).  We have previously stated that the scope of § 3582(c)(2) is "quite narrow," as it only authorizes a sentence reduction if "[t]he Sentencing Commission [has] amended the Sentencing Guidelines, pursuant to 28 U.S.C. § 994(o), that guidelines amendment [has] lowered the defendant's

---

[1] We review a district court's conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2) *de novo*.  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).

2

sentencing range, and it [is also] one that is listed in U.S.S.G. § 1B1.10(c)." *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012). Section 3582(c)(2) does not authorize a reduction in the instant case because no amendment to the guidelines has had the effect of reducing Jasimin's sentencing range. It is true that Amendment 750 has lowered the guideline ranges associated with § 2D1.1(c), but the district court sentenced Jasmin as a career offender, and his guidelines range was therefore determined under § 4B1.1, not the drug quantities set forth at § 2D1.1. *See Moore*, 541 F.3d at 1327.

Moreover, it true that the Fair Sentencing Act lowered the statutory minimum penalties associated with Jasmin's offenses under 21 U.S.C. § 841(b), *see* Fair Sentencing Act of 2010, Pub. L. No. 111-220 § 2(a), 124 Stat. 2372 (2010), and that this modification had the effect of lowering Jasmin's guideline range.[2] However, "the FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction." *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). For these reasons, Jasmin cannot show that he is eligible for a sentence reduction under § 3582(c)(2). *See Berry* 701 F.3d at 376.

---

[2] This is so because the offense level for career offenders under § 4B1.1(b) of the guidelines depends on the statutory maximum term of imprisonment for the underlying offense. U.S.S.G. § 4B1.1. Because the FSA lowered the statutory maximum for Jasmin's offense from life imprisonment to 40 years, *see* 21 U.S.C. § 841(b)(1)(B)(iii), his preliminary offense level under § 4B1.1(b) would be reduced from 37 to 34.

Jasmin argues that although the Sentencing Guidelines directed that he be sentenced as a career offender under § 4B1.1, the district court's decision to sentence him below his career-offender guideline range resulted in what was "functionally" a sentence under § 2D1.1.  In support of this argument, Jasmin cites opinions from several circuits concluding that, even if a defendant's applicable guideline range was determined pursuant the career-offender provisions, when a court nevertheless sentences a defendant based on the drug guidelines, the defendant is eligible for a reduction under § 3582(c)(2) based on an amendment to the drug guidelines.  *See, e.g.*, *United States v. Cardosa*, 606 F.3d 16, 21 (1st Cir. 2010) ("[W]e conclude that where the defendant's existing sentence was ultimately *determined* by the old crack cocaine guidelines rather than by the career offender guideline, resentencing is within the discretion of the district court."); *United States v. Munn*, 595 F.3d 183, 195 (4th Cir. 2010) ("[A] . . . sentence reduction is not barred where the sentencing court, following an Overrepresentation Departure, based the defendant's ultimate sentence on the Crack Guidelines.").  In *United States v. Moore*, 541 F.3d 1323, 1329-30 (11th Cir. 2008), we discussed two then-recent district court decisions[3] reaching similar conclusions before determining

---

[3] The decisions we discussed are *United States v. Ragland*, 568 F. Supp. 2d 19 (D.D.C. 2008) and *United States v. Poindexter*, 550 F. Supp. 2d 578 (E.D. Pa. 2008).

that those decisions were distinguishable from the case then before us. We reach the same determination in the instant case.

The district court in the instant case departed downward from the career offender guidelines, but the record does not indicate that it based Jasmin's ultimate sentence on the drug guidelines, nor did the court grant an "overrepresentation departure." To the contrary, although the district court discussed the possibility that the guidelines overrepresented Jasmin's criminal history the court also discussed other sentencing factors, such as the need to avoid unwarranted sentencing disparities between Jasmin and his co-defendants, and it ultimately based Jasmin's sentence on the 18 U.S.C. § 3553(a) sentencing factors. The district court did not depart downward to a sentence that fell within the guideline range under the drug-quantity table that would have applied in the absence of the career-offender provisions. Instead, the district court rendered a sentence that was significantly below not only the career-offender guidelines but the drug-quantity guidelines as well.[4] *Cf. Munn*, 595 F.3d at 197 (Duncan, J., dissenting) (noting

---

[4] This fact provides an additional basis on which the district court was required to deny Jasmin's motion. The Sentencing Guidelines expressly state that a "court shall not reduce the defendant's term of imprisonment under [§ 3582(c)(2)] and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(B). The only exception to this rule is if the initial sentence was below the guideline range "pursuant to a government motion to reflect the defendant's substantial assistance," which is not true in this case. *Id.* § 1B1.10(b)(2)(B).

In light of these provisions and the fact that Jasmin's current sentence is already below "the minimum of the amended guideline range," the district court is not authorized to further

that the resulting sentence after the district court's downward departure "fit squarely within what otherwise would have been [the defendant's] applicable guideline range").  The cases Jasmin cites are therefore distinguishable, and his argument fails.

**AFFIRMED.**

---

reduce Jasmin's sentence.  *See also* 18 U.S.C. § 3582(c)(2) (authorizing a sentence reduction only "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.").